# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **MAKALE DENG KUAL AROB,** | ) |
| Petitioner, | ) CIV 09-01132 PHX PGR (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| **KATRINA KANE,** | ) |
| Respondent. | ) |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Mr. Makale Deng Kual Arob ("Petitioner"), filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. § 2241 on May 26, 2009, and an amended petition on July 24, 2009, asserting his continued detention by Respondent violated United States law and his constitutional rights. At that time, Petitioner was confined in Respondents' custody in Florence, Arizona. Respondents filed a motion to dismiss the petition on November 16, 2009, asserting the petition for relief is now moot because Petitioner has been released from detention under an order of supervision. See Docket No. 10.

**1. Procedural History**

The amended petition contends Petitioner's detention pending his deportation to Sudan, as ordered on January 21, 2009, violates the United States Supreme Court's opinion in Zadvydas v. Davis.

**2. Analysis**

Respondents present evidence to the Court that Petitioner was released from detention on or about August 14, 2009. Because the amended petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his amended habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

**3. Conclusion**

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention under an Order of Supervision. There is no existing

case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Kual Arob's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or

judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 22nd day of December, 2009.

_____
Mark E. Aspey
United States Magistrate Judge